UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY WELLER,

        Petitioner,

   v.

RONALD HAYNES,

        Respondent.

SANDRA WELLER,

        Petitioner,

   v.

DEBORAH WOFFORD,

        Respondent.

Case No. 3:20-cv-05861-RAJ-TLF
(Consolidated with Case No. 3:20-CV-5862-RAJ-TLF)

REPORT AND RECOMMENDATION – PROPOSED, AND ORDER FOR RESPONSE FROM THE PARTIES CONCERNING SHINN V. RAMIREZ AND RELATED ISSUES

At times the law changes or becomes clearer. The United States Supreme Court has published an opinion, *Shinn v. Ramirez,* 142 S. Ct. 1718, 1733 (2022), that appears to implicitly overrule precedent. *See,* "Habeas Corpus – Ineffective Assistance of Counsel -- Procedural Default—*Shinn v. Ramirez*", 136 Harv. L. Rev. 400, 404-409 (November 2022). Therefore, the Court is issuing this Report and Recommendation with an opportunity for the parties to submit their input. The Clerk is directed to send copies of this proposed Report and Recommendation to all counsel of record. The parties may

REPORT AND RECOMMENDATION - 1

submit simultaneous briefs of no more than 25 pages, to point out errors in this proposed Report and Recommendation, if any, and to respond to the questions at the end of this Report and Recommendation, on or before January 20, 2023. After the parties submit their briefs, if it would be beneficial to the Court, the Court may schedule oral argument on the points that are raised by the parties.

I. <u>Proposed Report and Recommendation</u>

This matter is before the Court on two consolidated petitions for habeas corpus under 28 U.S.C. § 2254. The Court has previously consolidated this matter with *Weller v. Wofford*, No. 20-5862, and petitioners filed amended petitions. Dkts. 15, 22, 23, 24. The petitioners are incarcerated pursuant to Clark County Superior Court convictions (Clark County case numbers 11-1-01678-1 [J. Weller] and 11-1-01679-0 [S. Weller]). for assaults and unlawful imprisonment of C.G., assaults of C.W., and assault of N.W. Dkt. 24-10, at 126-157.

In this case, the petitioners allege they were prejudiced by several errors and omissions of counsel; they contend their criminal defense lawyer was ineffective for the following reasons (Dkt. 24, Petitioners' Joint Memorandum, at 31-65):

(1) Neither of the defense attorneys -- Suzan Clark (Clark), nor David Kurtz (Kurtz), who represented Sandra Weller and Jeffrey Weller, respectively – sought the appointment of an expert medical witness;

(2) Neither Clark, nor Kurtz, interviewed or called as a witness the treating physicians for the twin children;

(3) Counsel did not conduct an adequate investigation regarding:

    a. Gerda Reinhardt (Sandra Weller's mother)

REPORT AND RECOMMENDATION - 2

      b.  Heinz Reinhardt (Sandra Weller's father)

      c.  Meredith McKell Graff, Guardian Ad Litem

      d.  Probation Officer Nick Potter

      e.  Police Officer Tyler Chavers

      f.  Therapist Caitlan O'Dell

(4) Counsel failed to interview and cross-examine one of petitioners' children, E.W., concerning an incident; and failed to call police officer Rachael Souza-Lowe as a witness regarding a report of the incident;

(5) Counsel failed to interview and call as a witness Michael Langsdorf (the Wellers' family law attorney) and Valerie Richardson (paralegal) regarding interactions and observations of the petitioners' children;

(6) Counsel failed to offer into evidence information regarding the Wellers' children's medical history concerning whether they were or were not malnourished during their stay with the Toth family;

(7) Both defense attorneys were ill-prepared for trial.

The Respondent contends that petitioner did not develop the facts in Washington State courts. Dkt. 25, Respondent's Answer at 23; Dkt. 28, Respondent's Reply to Petitioner's Traverse, at 13. Therefore, Respondent contends this Court may not consider any of the proffered evidence and may not conduct an evidentiary hearing on the issues of prejudice (concerning the issue of procedural bar, or on the merits of the ineffective assistance of counsel allegations). *Id.*

The facts presented at trial are summarized by the opinion of the Washington State Court of Appeals, Division Two, on direct appeal, *State v. Weller,* 185 Wn. App.

913 (2015), Dkt. 26, Ex. 1, Opinion Published in Part, Curt of Appeals Cause No. 44726-6-II (consolidated with No. 44733-9-II) at 2-6; see also, Dkt. 25, Respondent's Answer, at 2-4.

Additional facts presented at trial will be discussed, where relevant, within the analysis sections below. The pretrial, trial, and post-trial transcripts (March 5, 2012 through September 17, 2015) for the petitioners' criminal trial in Clark County Superior Court, were submitted by petitioners, Dkt. 24-12, (Ex. 25) at 217-1969.

II.   DISCUSSION

**A. Whether petitioners are procedurally barred from raising an ineffective assistance of counsel claim.**

To obtain federal habeas corpus relief on a claim that counsel was constitutionally ineffective, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness. . . under prevailing professional norms"; and the petitioner must establish that counsel's inadequate representation caused prejudice – "that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984); *Rodney v. Filson,* 916 F.3d 1254, 1260 (9th Cir. 2019). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The Washington Supreme Court Commissioner ("Commissioner"), deciding petitioners' motion for discretionary review (after the Court of Appeals dismissed their personal restraint petition, *see Matter of Weller,* 9 Wash. App. 2d 1050 (2019)), found the petitioners failed to meet a prima facie burden of presenting specific facts that would

REPORT AND RECOMMENDATION - 4

establish that counsel's performance was unreasonable, or that their case was prejudiced because of the unreasonable performance. Dkt. 22-2, at 7. Specifically, the Court of Appeals stated that petitioners' claims failed because they failed to "present evidence of what the other witnesses would have said, what medical and mental health experts would have said, that the officer's disciplinary history was of an impeaching nature, or that witnesses improperly commented on the veracity or credibility of other witnesses." *Id.,* at *2.

The Washington Supreme Court Commissioner's ruling denying discretionary review, Dkt. 22-2, was the last reasoned decision of the State's highest court. *Ylst v. Nunnemaker,* 501 U.S. 797, 805 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

The Commissioner, whose decision was upheld in an order of the Washington Supreme Court (Dkt. 23-3), applied *In re Rice,* 118 Wn.2d 876, 886 (1993). Dkt. 22-2, at 7. The Commissioner determined the petitioners "failed to state with particularity facts that, if proven, would entitle [them] to relief. Bald assertions and conclusory allegations are not sufficient." *Id.* (citing *Rice,* 118 Wn.2d at 886). Because the petitioners did not state such facts, the Washington Supreme Court determined that the Court of Appeals analysis did not warrant review under RAP 13.4(b). *Id.*

The initial issue in this federal habeas corpus petition is whether the Washington Supreme Court Commissioner's denial of discretionary review, relying on *In re Rice,* was a procedural bar – i.e., was it based upon a procedural rule that is independent of federal law, and adequate because it is clearly established and consistently applied.

REPORT AND RECOMMENDATION - 5

The state court must make a clear and express statement that it is relying on a procedural default. *Harris v. Reed,* 489 U.S. 255, 262-263 (1989); *Koerner v. Grigas,* 328 F.3d 1039, 1052 (9th Cir. 2003). Even if the state court issues a ruling that applies a procedural bar and, in the alternative, also addresses the merits, the court reviewing the case on federal habeas corpus will nevertheless enforce the procedural bar rule. *Harris v. Reed,* at 264, n.10 (1989).

The state court procedural rule must be both "independent" and "adequate". *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). A state procedural rule is considered "adequate" if it was "firmly established and regularly followed" at the time of the act or omission that caused a procedural bar to be applicable. *Ford v. Georgia,* 498 U.S. 411, 423-25 (1991). The procedural rule under state law would be "independent" if it is not dependent on a federal constitutional ruling or interwoven with federal law. *Ake v. Oklahoma,* 470 U.S. 68, 75 (1985).

Ordinarily, the federal court is required to consider procedural bar issues before reviewing any federal habeas corpus claim on the merits. *See Lambrix v. Singletary,* 520 U.S. 518, 524 (1997).

In this case, when the Washington Supreme Court Commissioner interpreted *In re Rice,* to mean that the Court would not review the Court of Appeals' decision under Washington Rule of Appellate Procedure RAP 13.4(b), the Washington Supreme Court procedurally barred petitioners' ineffective assistance of counsel claim. The Washington Supreme Court refused to consider the claim on the merits, because petitioners' presentation of facts was based on bald assertions and conclusory allegations, and therefore failed to state particular facts that would entitle them to relief if they could

1 ultimately prove those facts. The Court should hold this is an independent and adequate
2 state ground.
3       Although respondents contend the Washington Supreme Court actually decided
4 the ineffective assistance of counsel issue on the merits — and therefore the rule is
5 either dependent on a decision concerning federal constitutional law, or intertwined with
6 federal constitutional law — this is not a persuasive argument. The respondent
7 contends that, with respect to the decision of the Washington State Court of Appeals,
8 there was a decision on the merits of the petitioners' ineffective assistance of counsel
9 claim. Dkt. 28, Respondents' Reply to Petitioner's Traverse, at p. 6, ll. 6-15.
10       Yet the Washington Court of Appeals' decision is not the decision being reviewed
11 for procedural bar analysis – it is not the last-reasoned decision of the state appellate
12 courts. The Washington Supreme Court's decision is the only one this court should
13 review in order to decide whether a procedural bar was imposed – it was the last
14 Washington State Court to make a decision, and it explained its reasoning with
15 sufficient clarity. *Ylst v. Nunnemaker,* 501 U.S. 797, 805 (1991); *Robinson v. Ignacio,*
16 360 F.3d 1044, 1055 (9th Cir. 2004).
17       Respondent also argues that *In re Rice,* 118 Wn.2d 876, 886 (1992) is not
18 actually a procedural bar, because it explains the standard for the state appellate court
19 to evaluate whether a reference hearing should be ordered. Dkt. 28, Respondents'
20 Reply to Petitioner's Traverse, at p. 6, ll. 16-26; pp. 7-8. The Washington Supreme
21 Court explains in *In re Rice* that it is establishing the "threshold matter"*,* where a post-
22 conviction petitioner asks for an evidentiary hearing. 118 Wn.2d at 118. To pass the
23 threshold, "the petitioner must state in his petition the facts underlying the claim of
24
25

REPORT AND RECOMMENDATION - 7

unlawful restraint and the evidence available to support the factual allegations. . . . Bald assertions and conclusory allegations will not support the holding of a hearing." *In re Rice,* 118 Wn.2d 876, 885-886 (1992) (citing RAP 16.7(a)(2)(i), and *In re Williams,* 111 Wn.2d 353, 364-65 (1988).

This was not a holding based on a specific allegation of ineffective assistance of counsel, or applicable to federal claims, or state claims, but instead applies to all claims for post-conviction relief. The *in re Rice* court was clarifying the standard it would apply to decide whether an evidentiary hearing would be required – and setting out a standard applicable to all claims raised in a personal restraint petition where the petitioner asks for a reference hearing. *In re Rice,* 118 Wn.2d at 886.

In this case, the Washington Supreme Court set forth the legal standard for reviewing an ineffective assistance of counsel claim, but rather than apply it to the merits of petitioners' claim, the court declined to review the Court of Appeals' decision. Dkt. 22-2 at 6-7. The Washington Supreme Court stated: "The Court of Appeals held that Ms. Weller failed to present sufficient evidence to support her ineffective assistance of counsel claim because she did not present evidence of what the other witnesses would have said. . . .[T]his is consistent with this court's holding in *Rice* regarding a petitioner's evidentiary burden. *Rice,* 118 Wn.3d at 886. Accordingly, there is no basis for further review of this claim." *Id.*

By citing to *Rice* and applying the general holding of *Rice*, the Washington Supreme Court applied a procedural bar. Essentially, it procedurally barred the petitioners by declining to review the Court of Appeals decision, on the basis of the holding in *Rice*. *See, In re Rice,* 118 Wn.3d at 886. This cannot reasonably be

REPORT AND RECOMMENDATION - 8

interpreted as a holding on the merits of petitioners' ineffective assistance of counsel claims.

Another court in this District recently considered *In re Rice* and found in the context of the petition at issue in that case, the Washington Supreme Court's application of the holding of *In re Rice* would be a procedural bar to federal habeas corpus review. *Mothershead v. Wofford,* No. C21-5186 MJP-JRC, 2022 WL 474079 (W.D. Wash. February 16, 2022) at *2 (citing *Corbray v. Miller-Stout,* 469 F. App'x 558, 559-560 (9th Cir. 2012).

For these reasons, the Court should hold that an independent and adequate state law procedural bar was applied by the Washington Supreme Court. The next step in the analysis is whether the petitioners have shown cause and prejudice – if they do so, the Court would have authority to excuse the procedural bar.

**B. Whether the procedural bar is excused under the cause and prejudice standard.**

Procedural default will only be excused if the petitioner shows cause for the default and actual prejudice from an alleged violation of federal law; or the petitioner must demonstrate that failure to consider the claims will cause a fundamental miscarriage of justice because the petitioner is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 329 (1995); *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Rodney v. Filson,* 916 F.3d 1254, 1259 (9th Cir. 2019). To demonstrate cause, the petitioner must show that some external and objective factor impeded their effort to follow the state's procedural rule. *Maples v. Thomas,* 565 U.S. 266, 280 (2012); *Guillory v. Allen,* 38 F. 4th 849, 859 (9th Cir. 2022). To demonstrate prejudice, the petitioner is required to establish

1   "not merely a substantial federal claim, such that 'the errors. . . at trial created a

2   possibility of prejudice,' but rather that the constitutional violation 'worked to [their]

3   actual and substantial disadvantage.'" *Shinn v. Ramirez,* 142 S. Ct. 1718, 1733 (2022)

4   (citations omitted).

5         In this case, the petitioners have not established either cause or prejudice for

6   their procedural default.

7         Petitioners argue they have established cause and prejudice. Dkt. 27, Petitioners'

8   Joint Reply to Respondent's Answer, at 6-7. They contend they were not represented

9   by counsel on post-conviction review (personal restraint petition) – therefore, they

10  contend, the opportunity to fully develop the record on matters outside the trial transcript

11  and trial court clerk's papers was so limited it is an excuse that overcomes the

12  procedural bar. Yet, cause is not established simply because an individual was

13  unrepresented and had difficulty gathering evidence or complying with state court

14  procedural requirements during state post-conviction proceedings. *Guillory v. Allen,* 38

15  F.4th 849, 859 (9th Cir. 2022); *Hughes v. Idaho State Bd. Of Corr.,* 800 F.2d 905, 909

16  (9th Cir. 1986).

17        In *Martinez v. Ryan,* 566 U.S. 1, 9 (2012), the Court held that "[i]nadequate

18  assistance of counsel at initial-review collateral proceedings may establish cause for a

19  prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v.*

20  *Ryan,* 566 U.S. 1, 9 (2012). In light of the Court's reasoning in the recent decision in

21  *Shinn v. Ramirez,* 142 S. Ct. 1718, 1733 (2022), it appears *Martinez v.* Ryan has been

22  implicitly overruled. *See,* "Habeas Corpus – Ineffective Assistance of Counsel --

23  Procedural Default—*Shinn v. Ramirez*", 136 Harv. L. Rev. 400, 404-409 (November

24

25

REPORT AND RECOMMENDATION - 10

2022). In *Martinez v. Ryan*, the Court held that, to excuse procedural default a petitioner is required to show: (1) the claim of ineffective assistance at trial was a substantial claim; (2) there was either no counsel or only ineffective counsel during the state post-conviction review; (3) the state post-conviction review was the "initial" review proceeding with respect to raising a claim of ineffective assistance at trial; and (4) state law requires the petitioner to raise ineffective assistance of counsel initially during post-conviction proceedings. *Id.; Dickens v. Ryan,* 740 F.3d 1302, 1319 (9th Cir. 2014) (en banc) (*citing, Trevino v. Thaler,* 569 U.S. 413, 423 (2013)).

Incarcerated persons in Washington State cannot meaningfully raise claims of ineffective assistance of counsel on direct appeal; the Washington Supreme Court has held that, if the incarcerated person "wishes a reviewing court to consider matters outside the record, *a personal restraint petition is the appropriate vehicle* for bringing those matters before the court." *State v. McFarland,* 127 Wn.2d 322, 338 (1995), *as amended* (Sept. 13, 1995) (emphasis added).

In this case, neither of the petitioners was represented by counsel for their personal restraint petitions. Dkt. 24-11, Dkt. 27 (the petitioners requested [Dkt. 24-11 at 93], and the state courts allowed, that all claims were incorporated into each other's petitions, and all appendices would be incorporated into each other's appendices [Jeffrey Weller's petition is in the Court's record at Dkt. 24-11, pp. 1-84], [Sandra Weller's petition is at Dkt. 24-11, pp.85-144] [full appendices are included in Dkt 27]. But when an individual was unrepresented and had difficulty gathering evidence or complying with state court procedural requirements during state post-conviction proceedings, this does not meet the requirement of "cause" for excusing a procedural

REPORT AND RECOMMENDATION - 11

default. *Guillory v. Allen,* 38 F.4th 849, 859 (9th Cir. 2022); *Hughes v. Idaho State Bd. Of Corr.,* 800 F.2d 905, 909 (9th Cir. 1986).

To overcome the procedural bar, petitioners would also be required to establish that the alleged constitutional violation "worked to [their] actual and substantial disadvantage." *Rodney v. Filson,* 916 F.3d 1254, 1260 (9th Cir. 2019).

To establish prejudice for purposes of excusing a procedural default, the Ninth Circuit Court of Appeals has held that petitioner is not raising a "claim", but instead is making an evidentiary showing of prejudice for purposes of overcoming a procedural bar. *Detrich v. Ryan,* 740 F.3d 1237, 1246-1247 (9th Cir. 2013) (en banc). The Supreme Court did not directly address this point in *Shinn v. Ramirez,* 142 S. Ct. 1718, 1738 (2022). But the Court observed that evidence of prejudice would be overlapping on both issues – procedural bar analysis, and the substantive issue of the prejudice prong of the ineffective assistance of counsel claim. *Id.*

To establish prejudice concerning whether to excuse the procedural bar, petitioner must show the constitutional violation "'worked to his *actual* and substantial disadvantage.'" *Shinn v. Ramirez,* at 1733 (citations omitted).

The prosecution witnesses testified consistently and with detail about the abuse that was inflicted on them, and the incidents they overheard and saw. Dkt. 24-12, Trial Transcript, Clark County Case No. 11-1-01679-0, at 984-1065, 1076-1175, 1283-1368, 1433-1465, 1501-1543. The testimony of the children was consistent on the points about what they observed with respect to the unlawful imprisonment and beatings. Dkt. 24-12, Trial Transcript, Clark County Case No. 11-1-01679-0, at 1127-1141, 1160-1174 (C.W.'s testimony about the petitioners' behavior during multiple beatings, and

witnessing the petitioners' behavior during the beatings and unlawful imprisonment of C.G.) and 1309-1368 (C.G.'s testimony ).at 984-1065, 1076-1175, 1283-1368, 1433-1465, 1501-1543. The record shows the prosecution's case was strong and even if their attorneys' performance was not within the boundaries of the *Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984) standards, petitioners have not shown actual and substantial prejudice resulting from the alleged acts or omissions of their attorneys.

**C. New facts asserted by the petitioners for the first time in federal court.**

Even if the Court finds the petitioners have not established cause and prejudice to overcome the procedural bar, there is still another exception that would potentially allow the Court to consider the ineffective assistance of counsel claim. The Court in *Shinn v. Ramirez,* 142 S. Ct. 1718, 1734 (2022) held that when reviewing a federal habeas corpus petition under 28 U.S.C. § 2254, the federal court may not consider any facts beyond the factual record presented to the state postconviction-relief court – unless one of the limited exceptions of 28 U.S.C. § 2254 (e)(2) applies. *Id.; Creech v. Richardson,* 40 F.4th 1013, 1029 (9th Cir. 2022).

28 U.S.C. § 2254(e)(2) provides: "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that – (A) the claim relies on – (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence

REPORT AND RECOMMENDATION - 13

that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

28 U.S.C. § 2254 (e)(2) applies when the habeas corpus petitioner failed to develop the factual basis in the state court proceedings. But, this failure would not be established unless there is a lack of diligence or greater fault that is attributable to the petitioner, or the petitioner's counsel. *Shinn v. Ramirez,* 142 S. Ct. 1718, 1735 (2022). The Court in *Shinn v. Ramirez* did not involve the question of whether a petitioner who is self-represented during state post-conviction proceedings failed to develop the factual basis of a claim in state court, or the question of pro se diligence under 28 U.S.C. § 2254, Section (e).

Diligence depends on an assessment of "whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend. . .upon whether those efforts could have been successful." *Williams v. Taylor,* 529 U.S. 420, 435 (2000).

Petitioners have argued that Section (e)(2)(ii) would apply here. Dkt. 27, at 30-33. They argue that they were diligent, because they were unrepresented by counsel and indigent, yet they took all the steps available to them. Dkt. 27 at 32. They requested the appointment of counsel, but were denied. They requested an evidentiary hearing, but were denied. The Ninth Circuit has held that where the state court denied petitioner's request for an evidentiary hearing and denied the petitioner's request for funds to investigate, the petitioner was diligent even though all the available facts were not found and presented to the state courts. *Libberton v. Ryan,* 583 F.3d 1147, 1158,

1165 (9th Cir. 2009). It is unclear whether the petitioner in the *Libberton v. Ryan* case was represented by counsel during the state court post-conviction proceeding.

Under *Libberton v. Ryan,* this Court should hold that petitioners were diligent; at least as to some of the factual matters they seek to present. But the question remains, whether they would be allowed to present all of the factual bases of their ineffective assistance of trial counsel claim in this federal habeas corpus proceeding -- even those facts they did not either actually present in state court or make a request to present in state court. The record shows the professional opinions and factual analysis of Dr. Katherine Teets Grimm, M.D. (Dkt. 24-4) were not presented in their ineffective assistance of counsel arguments submitted to the state courts in the personal restraint petition. Dkt. 24-11, Dkt. 27 (the petitioners requested [Dkt. 24-11 at 93], and the state courts allowed, that all claims were incorporated into each other's petitions, and all appendices would be incorporated into each other's appendices [Jeffrey Weller's petition is in the Court's record at Dkt. 24-11, pp. 1-84], [Sandra Weller's petition is at Dkt. 24-11, pp.85-144] [full appendices are included in Dkt 27].

Under 28 U.S.C. § 2254 (e)(2), subsection (B), regarding facts that were not presented in state court and for which petitioners have not shown diligence, the petitioners would be required to show "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense".

III. <u>Parties are Ordered to Submit Supplemental Briefing</u>

The Court is issuing this Report and Recommendation as a proposed analysis, and orders the parties to submit further briefing on the following issues:

REPORT AND RECOMMENDATION - 15

1. If the petitioners were diligent, as discussed above, does the District Court have discretion to order an evidentiary hearing, and does the United States Supreme Court's opinion in *Shinn v. Ramirez,* 142 S. Ct. 1718 (2022) under 28 U.S.C. § 2254 (e)(2), limit the factual issues for which the district court may conduct an evidentiary hearing?

2. Under 28 U.S.C. § 2254 (e)(2), *Shinn v. Ramirez,* and *Libberton v. Ryan,* 583 F.3d 1147, 1158, 1165 (9th Cir. 2009),

    a. does the District Court have discretion to hold that some, but not all, of the facts submitted by petitioners in federal court to support the federal habeas corpus claim of ineffective assistance of trial counsel were diligently pursued by the petitioners when they were unrepresented in state court post-conviction proceedings? In this case, can the parties identify the specific facts that were not diligently pursued? For example, it appears the petitioners did not specifically request funds for retaining the services of a medical expert or child abuse expert, when they were litigating their post-conviction PRP in state court; yet now they propose the federal court should consider the Declaration of Dr. Katherine Grimm (Dkt. 24-4). See Dkt. 27, Petitioners' Reply to Respondent's Answer, at 32-33.

    b. If so, and assuming for purposes of this analysis, that the District Court finds that certain facts were not diligently pursued, does the Court's opinion in *Shinn v. Ramirez,* preclude any consideration whatsoever, of those facts that were not diligently pursued? *See generally, Williams v. Taylor,* 529 U.S. 420, 437-444 (2000).

REPORT AND RECOMMENDATION - 16

    c. Would the test for 28 U.S.C. § 2254 (e)(2), subsection (B): "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense" be applied before the evidentiary hearing, to determine whether any of the asserted facts for which petitioners were not diligent in state court, would justify an evidentiary hearing? *See generally, Williams v. Taylor,* 529 U.S. 420, 440 (2000).

The Clerk is directed to send copies of this proposed Report and Recommendation to all counsel of record. The parties are **ordered** to submit simultaneous briefs of no more than 25 pages, to point out errors in this proposed Report and Recommendation, if any, and to respond to the questions at the end of this Report and Recommendation, on January 20, 2023.

After the parties submit their briefs, if it would be beneficial to the Court, the Court may schedule oral argument on the points that are raised by the parties.

Dated this 21st day of December, 2022.

*[signature]*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 17