1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

JEFFREY WELLER,

7
                              Petitioner,

8
        v.

9
RONALD HAYNES,

10
                              Respondent.

11
SANDRA WELLER,

12
                              Petitioner,

13
        v.

14
DEBORAH WOFFORD,

15

Respondent.

Case No. 3:20-cv-05861-RAJ-TLF
(Consolidated with Case No. 3:20-
CV-5862-RAJ-TLF)

REPORT AND
RECOMMENDATION

Noted for March 24, 2023

16      This matter is before the Court on two consolidated petitions for habeas corpus

17  under 28 U.S.C. § 2254. The petitioners are incarcerated after being convicted in 2013

18  in Clark County Superior Court (Clark County case numbers 11-1-01678-1 [J. Weller]

19  and 11-1-01679-0 [S. Weller]) for abuse of the children in their home. Specifically,

20  Jeffrey Weller was convicted of five counts of second degree assault, one count of

21  unlawful imprisonment, one count of third degree assault of a child, and two counts of

22  fourth degree assault. *State v. Weller,* 185 Wn. App. 913, 920-921 (2015). Sandra

23

24

25

REPORT AND RECOMMENDATION - 1

Weller was convicted of four counts of second degree assault and one count of unlawful imprisonment. *Id.*; Dkt. 24-10, at 126-157.

The petitioners allege they were prejudiced by several errors and omissions of counsel; they contend their criminal defense attorneys were ineffective for the following reasons (Dkt. 22, Amended Petition, Jeffrey Weller; Dkt. 23, Amended Petition, Sandra Weller; Dkt. 24, Petitioners' Joint Memorandum, at 31-65):

(1) Neither of the defense attorneys — Suzan Clark (Clark), nor David Kurtz (Kurtz), who represented Sandra Weller and Jeffrey Weller, respectively — sought the appointment of an expert medical witness;

(2) Neither Clark, nor Kurtz, interviewed or called as a witness the treating physicians for the twin children (C.W. and C.G.);

(3) Counsel did not conduct an adequate investigation regarding:

  a.  Gerda Reinhardt (Sandra Weller's mother)

  b.  Heinz Reinhardt (Sandra Weller's father)

  c.  Meredith McKell Graff, Guardian Ad Litem

  d.  Probation Officer Nick Potter

  e.  Police Officer Tyler Chavers

  f.  Therapist Caitlan O'Dell;

(4) Counsel failed to interview and cross-examine one of petitioners' children, E.W., concerning an incident; and failed to call police officer Rachael Souza-Lowe as a witness regarding a report of the incident;

(5) Counsel failed to interview and call as a witness Michael Langsdorf (the

Wellers' family law attorney) and Valerie Richardson (paralegal) regarding

interactions and observations of the petitioners' children;

(6) Counsel failed to offer into evidence information regarding the Wellers'

children's medical history concerning whether they were or were not

malnourished during their stay with the Toth family;

(7) Both defense attorneys were ill-prepared for trial.

Petitioners ask the Court to consider declarations and factual materials submitted

for the first time in this proceeding. *See* Dkts. 24-2 at 1–12, 24-3 at 1–28, 24-4 at 1–87.

They also seek an evidentiary hearing. Dkt. 24 at 66. Petitioners contend the materials

may be considered under *de novo* review pursuant to *Martinez v. Ryan*, 566 U.S. 1

(2012). Petitioners assert their claims were procedurally defaulted, but the default is

excused — and their claims are subject to *de novo* review — under *Martinez*. *See* Dkt.

27, Petitioners' Joint Reply Brief, at 5; Dkt. 45, Petitioners' Supplemental Briefing in

Response to the Court's Order.

The Respondent contends that petitioner did not develop the facts in Washington

State courts. Dkt. 25, Respondent's Answer at 23; Dkt. 28, Respondent's Reply to

Petitioner's Traverse, at 13; Dkt. 44, Respondents' Supplemental Brief re: *Shinn v.

Ramirez,* at 10-14. Respondent contends this Court may not consider any of the

evidence presented as a factual basis for petitioners' federal habeas corpus petitions

that was not presented to the Washington State courts; and Respondent contends the

Court may not conduct an evidentiary hearing to further develop the facts relating to the

ineffective assistance of counsel claims. *Id*.

1      The facts presented at trial are summarized by the opinion of the Washington

2  State Court of Appeals, Division Two, on direct appeal, *State v. Weller,* 185 Wn. App.

3  913 (2015), Dkt. 26, Ex. 1, Opinion Published in Part, Court of Appeals Cause No.

4  44726-6-II (consolidated with No. 44733-9-II) at 2-6; see also, Dkt. 25, Respondent's

5  Answer, at 2-4.

6      Additional facts presented at trial will be discussed, where relevant, within the

7  analysis sections below. The pretrial, trial, and post-trial transcripts (March 5, 2012

8  through September 17, 2015) for the petitioners' criminal trial in Clark County Superior

9  Court, were submitted by petitioners, Dkt. 24-12, (Ex. 25) at 217–1969.

10  I.    DISCUSSION

11  **A. Whether petitioners are procedurally barred from raising an ineffective**
       **assistance of counsel claim.**

12      To obtain federal habeas corpus relief on a claim that counsel was

13  constitutionally ineffective, the petitioner "must show that counsel's representation fell

14  below an objective standard of reasonableness . . . under prevailing professional

15  norms"; and the petitioner must establish that counsel's inadequate representation

16  caused prejudice — "that there is a reasonable probability that but for counsel's

17  unprofessional errors, the result of the proceeding would have been different. *Strickland*

18  *v. Washington,* 466 U.S. 668, 687, 694 (1984); *Rodney v. Filson,* 916 F.3d 1254, 1260

19  (9th Cir. 2019). "A reasonable probability is a probability sufficient to undermine

20  confidence in the outcome." *Id.*

21      The Washington Supreme Court Commissioner ("Commissioner"), deciding

22  petitioners' motion for discretionary review (after the Court of Appeals dismissed their

23  personal restraint petition, *see Matter of Weller,* 9 Wn. App. 2d 1050 (2019)), found the

24

25

REPORT AND RECOMMENDATION - 4

petitioners failed to meet a prima facie burden of presenting specific facts to support their claim that counsel's performance was unreasonable, or that their case was prejudiced because of the allegedly unreasonable performance. Dkt. 22-2, at 7. Specifically, the Court of Appeals stated that petitioners' claims failed because they failed to "present evidence of what the other witnesses would have said, what medical and mental health experts would have said, that the officer's disciplinary history was of an impeaching nature, or that witnesses improperly commented on the veracity or credibility of other witnesses." *Id.,* at *2.

The Washington Supreme Court Commissioner's ruling denying discretionary review, Dkt. 22-2, was the last reasoned decision of the State's highest court. *Ylst v. Nunnemaker,* 501 U.S. 797, 805 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

The Commissioner's ruling was upheld by the Washington Supreme Court (Dkt. 23-3). The Commissioner set forth the two-part analysis of performance and prejudice under *Strickland,* 466 U.S. at 687, 694, stated there was a presumption that trial counsel's performance was reasonable, and refused to review the Court of Appeals' decision. The Commissioner confirmed the Court of Appeals had specifically held "Ms. Weller failed to present sufficient evidence to support her ineffective assistance of counsel claim because she did not present evidence of what the other witnesses would have said." Dkt. 22-2 at 7. The Commissioner noted that the Court of Appeals' decision was consistent with *In re Rice,* 118 Wn.2d 876, 886 (1992). Dkt. 22-2, at 7.

The initial issue in this federal habeas corpus petition is whether the Washington Supreme Court Commissioner's denial of discretionary review was a procedural ruling,

1    or on the merits. If it was a procedural ruling, then the inquiry is whether the procedural

2    rule applied by the Commissioner was independent of federal law, and adequate —

3    clearly established and consistently applied.

4        Petitioners assert the Washington Supreme Court applied a procedural bar when

5    the Commissioner noted the Washington Court of Appeals had found the petitioners

6    failed to make a prima facie showing, and when the Commissioner cited to *In re Rice*.

7    Dkt. 27, Petitioners' Reply to Respondents' Answer, at 2-6.

8        Respondents contend the Washington Supreme Court Commissioner's ruling on

9    the ineffective assistance of counsel issue was a ruling on the merits — dependent on a

10    decision concerning federal constitutional law, or intertwined with federal constitutional

11    law. Dkt. 28, Respondents' Reply to Petitioner's Traverse, at p. 6, ll. 6-15; Dkt. 44,

12    Respondents' Supplemental Brief, at 16. Respondent also argues that *In re Rice,* 118

13    Wn.2d at 886, is not actually a procedural bar, because it explains the standard for the

14    state appellate court to evaluate whether a reference hearing should be ordered. Dkt.

15    28, Respondents' Reply to Petitioner's Traverse, at p. 6, ll. 16-26; pp. 7-8. The

16    Washington Supreme Court explains in *In re Rice* that it is establishing the "threshold

17    matter," where a post-conviction petitioner asks for an evidentiary hearing. 118 Wn.2d

18    at 885. To pass the threshold, "the petitioner must state in his petition the facts

19    underlying the claim of unlawful restraint and the evidence available to support the

20    factual allegations. . . . Bald assertions and conclusory allegations will not support the

21    holding of a hearing." *In re Rice,* 118 Wn.2d at 885–886 (citing RAP 16.7(a)(2)(i), and

22    *Petition of Williams,* 111 Wn.2d 353, 364–65 (1988)).

23

24

25

The state court must make a clear and express statement that it is relying on a procedural default. *Harris v. Reed,* 489 U.S. 255, 262–263 (1989); *Koerner v. Grigas,* 328 F.3d 1039, 1052 (9th Cir. 2003). Even if the state court issues a ruling that applies a procedural bar and, in the alternative, also addresses the merits, the court reviewing the case on federal habeas corpus will nevertheless enforce the procedural bar rule. *Harris,* 489 U.S. at 264, n.10.

The state court procedural rule must be both "independent" and "adequate". *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). A state procedural rule is considered "adequate" if it was "firmly established and regularly followed" at the time of the act or omission that caused a procedural bar to be applicable. *Ford v. Georgia,* 498 U.S. 411, 423–25 (1991). The procedural rule under state law would be "independent" if it is not dependent on a federal constitutional ruling or interwoven with federal law. *Ake v. Oklahoma,* 470 U.S. 68, 75 (1985).

Ordinarily, the federal court is required to consider procedural bar issues before reviewing any federal habeas corpus claim on the merits. *See Lambrix v. Singletary,* 520 U.S. 518, 524 (1997).

The Washington Supreme Court explained its reasoning with sufficient clarity. *Ylst,* 501 U.S. at 805; *Robinson,* 360 F.3d at 1055. Even if the federal court has difficulty interpreting the highest state court's last reasoned decision, the federal court applies a presumption that a higher state court's unexplained decision rested on the same reasoning as the lower state court's decision. *See Ylst,* 501 U.S. at 803 (reviewing an unexplained order of a higher state court, that upheld the judgment of a lower state court, and applying a presumption that the higher state court adopted the same

reasoning as the lower court). In this case, the Washington Court of Appeals' decision on petitioners' PRP applied *Strickland,* 466 U.S. at 687, 694. *Matter of Weller*, 9 Wn. App. 2d 1050 (2019), at \*2–\*3 (unpublished).

In this case, the Washington Supreme Court set forth the legal standard for reviewing an ineffective assistance of counsel claim, and under the federal constitutional precedent of *Strickland,* 466 U.S. at 687, 694, the state supreme court declined to review the Washington Court of Appeals' decision. Dkt. 22-2 at 6-7. The Washington Supreme Court stated: "The Court of Appeals held that Ms. Weller failed to present sufficient evidence to support her ineffective assistance of counsel claim because she did not present evidence of what the other witnesses would have said. . . . [T]his is consistent with this court's holding in *Rice* regarding a petitioner's evidentiary burden. *Rice,* 118 Wn.3d at 886. Accordingly, there is no basis for further review of this claim." *Id.*

By citing to *Strickland*  as well as the *Rice* opinion, applying the general holding of *Rice*, and approving the reasoning of the Washington Court of Appeals, the Washington Supreme Court used substantive federal constitutional law to review the issue. Even if the court declined to review the Court of Appeals' decision by stating that petitioners failed to meet an evidentiary hearing burden of proof, the burden of proof was intertwined with federal constitutional law — the two-part test of *Strickland*.

The court found a procedural bar in *Mothershead v. Wofford* 608 F.Supp.3d 1024 (W.D. Wash. June 23, 2022), and No. C21-5186 MJP-JRC, 2022 WL 474079 (W.D. Wash. Feb. 16, 2022) at \*2 (citing *Corbray v. Miller-Stout,* 469 F. App'x 558, 559–560 (9th Cir. 2012)), *appeal pending,* Ninth Circuit Case No. 22-35756. The *Mothershead*

case presented a situation where the petitioner was represented by post-conviction

counsel, but failed to present sufficient facts to support an ineffective assistance of

counsel claim. 608 F.Supp.3d at 1027. The Court in *Mothershead* relied on *Corbray*,

469 F. App'x at 559–560, for the proposition that *In re Rice* was applied by the state

court in the *Mothershead* case as an independent and adequate state law procedural

ground for declining to review the claim. *Mothershead*, 2022 WL 474079 (W.D. Wash.

February 16, 2022) at *2.

After the date of the District Court's decision in *Mothershead,* the Ninth Circuit

issued a published opinion in *Ochoa v. Davis,* 50 F.4th 865, 888 (9th Cir. 2022). The

Court in *Ochoa* held that a ruling of the California Supreme Court was a ruling on the

merits of the petitioner's ineffective assistance of counsel claim — where the California

Supreme Court applied an evidentiary burden of proof and summarily denied review,

similar to *In re Rice,* 118 Wn.2d at 885–886.

The Court should follow *Ochoa* and *Ylst,* and hold that in this case, the

Washington Supreme Court's summary denial of review was a decision on the merits,

and that an independent and adequate state law procedural bar was not applied by the

Washington Supreme Court. The opinion in *Ochoa* is published and therefore binding

precedent, whereas the unpublished opinion in *Corbray* is unpublished and therefore

not binding authority for this Court in the Wellers' case. *Ballentine v. Tucker,* 28 F.4th

54, 65 (9th Cir. 2022) (an unpublished opinion from a panel of the Ninth Circuit does not

constitute binding authority for a Ninth Circuit panel in a subsequent case); *Hart v.

Massanari,* 266 F.3d 1155, 1171 (9th Cir. 2001) (upholding the constitutionality of Ninth

Circuit Rule 36-3, and observing that circuit law binds the courts within a particular

circuit, including the court of appeals — therefore the first panel to publish an opinion on

an issue sets the law for inferior courts and also for future panels of the Ninth Circuit);

*see* Ninth Circuit Rule 36-3(a) (only published opinions of the Ninth Circuit are binding

precedent; except when relevant under law of the case, claim preclusion, or issue

preclusion).

Even if this Court has difficulty interpreting the last reasoned decision of the

Washington Supreme Court, this Court should apply a presumption that the Washington

Supreme Court's concise decision rested on the same reasoning as the Washington

Court of Appeals' decision. *See Ylst*, 501 U.S. 797. In this case, the Washington Court

of Appeals' decision on petitioners' PRP applied *Strickland,* 466 U.S. at 687, 694.

*Matter of Weller,* 9 Wn. App. 2d 1050 (2019), at *2 - *3 (unpublished). Accordingly, the

state court's decision on the merits must be reviewed under the standard set forth in 28

U.S.C. § 2254(d).

**B.  Review of the State Court's Adjudication Under 28 U.S.C. § 2254(d)**

The Washington State Court of Appeals' and Washington Supreme Court's

application of the federal constitutional standard under *Strickland v. Washington* was

objectively reasonable when they determined petitioners failed to establish either

unreasonable performance, or prejudice. Petitioners did not present evidence "of what

the other witnesses would have said, what medical and mental health experts would

have said, that the officer's disciplinary history was of an impeaching nature, or that

witnesses improperly commented on the veracity or credibility of other witnesses."

*Matter of Weller,* 9 Wn. App. 2d 1050 at *2–*3; Dkt. 22-2, Washington Supreme Court

Commissioner's Ruling (issued May 11, 2020), at 6–7.

Under 28 U.S.C. § 2254(d), "a federal court 'shall not' grant a writ of habeas corpus unless the earlier decision [of the state court] took an 'unreasonable' view of the facts or law." *Mays v. Hines,* 141 S.Ct. 1145, 1149 (2021). The primary question when reviewing a claim of ineffective assistance of counsel under The Antiterrorism and Effective Death Penalty Act (AEDPA) is not whether counsel's representation was deficient or the state court erred in its analysis, but whether the state court adjudication itself was unreasonable. *Harrington v. Richter,* 562 U.S. 86, 101 (2011); *Zapata v. Vasquez,* 788 F.3d 1106, 1112 (9th Cir. 2015).

The federal habeas reviewing court must grant double deference — applying a presumption that the trial lawyer's performance was reasonable, and deferring to the reasonableness of the state court's decision as to each prong of the two-part *Strickland* test, concerning counsel's performance and whether the acts or omissions of counsel prejudiced the petitioner's case. *Cullen v. Pinholster*; 563 U.S. 170, 190 (2011)*; Zapata*, 788 F.3d at 1115, 1117.

A habeas corpus petition filed under 28 U.S.C. § 2254:

> [S]hall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to" the Supreme Court's "clearly established precedent if the state court applies a rule that contradicts the governing law

set forth" in the Supreme Court's cases. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)

(quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). It also is contrary to the

Supreme Court's clearly established precedent "if the state court confronts a set of facts

that are materially indistinguishable from a decision" of the Supreme Court, "and

nevertheless arrives at a result different from" that precedent. *Id.*

     A state court decision involves an "unreasonable application" of the Supreme

Court's clearly established precedent if: (1) the state court "identifies the correct

governing legal rule" from the Supreme Court's cases, "but unreasonably applies it to

the facts" of the petitioner's case; or (2) the state court "unreasonably extends a legal

principle" from the Supreme Court's precedent "to a new context where it should not

apply or unreasonably refuses to extend that principle to a new context where it should

apply." *Williams*, 529 U.S. at 407. The state court decision, however, must be "more

than incorrect or erroneous." *Lockyer*, 538 U.S. at 75. That is, "[t]he state court's

application of clearly established law must be objectively unreasonable." *Id.*; *see also*

*Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

     This is a "'highly deferential standard," which "demands that state-court decisions

be given the benefit of the doubt.'" *Pinholster*, 563 U.S. at 181 (quoting *Woodford v.*

*Visciotti*, 537 U.S. 19, 24 (2002)). And, 28 U.S.C. § 2254(d) applies even when the

state's highest court concluded in a summary denial of relief that the petitioner failed to

establish ineffective assistance of counsel. *Pinholster,*  563 U.S. at 187-188.

     "Unreasonable" is a standard that refers to "'extreme malfunctions in the state

criminal justice syste[m].'" *Mays,* 141 S.Ct. at 1149*; (quoting Harrington,* 562 U.S. at

102). This would not be ordinary error, or even a strong basis for relief — instead, it

means the state court's decision "'was so lacking in justification . . . beyond any possibility for fairminded disagreement.'" *Mays*, 141 S.Ct. at 1149 (*quoting Harrington*, 562 U.S. at 103).

A habeas petition also may be granted "if a material factual finding of the state court reflects 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Juan H. v. Allen*, 408 F.3d 1262, 1270 n.8 (9th Cir. 2005) (quoting 28 U.S.C. § 2254(d)(2)). A state court's factual determination is "presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). A federal district court therefore "may not simply disagree with the state court's factual determinations"; it must "conclude" that those determinations did not have even "fair support" in the state court record. *Marshall v. Lonberger,* 459 U.S. 422, 432 (1983).

"[W]hether a state court's decision was unreasonable" also "must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004); *Miller-El v. Cockrell*, 537 U.S. 322, 348 (2003). The district court's review "focuses on what a state court knew and did," and the state court's decision is "measured against [the Supreme] Court's precedents as of 'the time the state court renders its decision.'" *Pinholster*, 563 U.S. at 182 (quoting *Lockyer*, 538 U.S. at 71–72); *see also Greene v. Fisher*, 565 U.S. 34, 38 (2011). In addition, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

1    In this case, the relevant clearly established precedent from the U.S. Supreme

2    Court, at the time the Washington Supreme Court reviewed petitioners' PRP, was

3    *Strickland,* 466 U.S. 668 and its progeny. The federal habeas corpus court must give

4    great deference to the state court's adjudication of ineffective assistance of counsel.

5    *Yarborough v. Gentry,* 540 U.S. 1, 5–6 (2003).

6    The *Strickland* standard has two prongs: petitioner must show both unreasonable

7    performance of counsel, and resulting prejudice — a reasonable probability that but for

8    the allegedly unprofessional errors of counsel, the factfinder would have had a

9    reasonable doubt respecting guilt. *Strickland,* 466 U.S. at 694. If the petitioner has not

10   produced evidence at the state court level to overcome the presumption of reasonable

11   performance, the attorney's acts or omissions are judged on the trial record and the

12   federal court "may have no way of knowing whether a seemingly unusual or misguided

13   action by counsel had a sound strategic motive". *Yarborough,* 540 U.S. at 6–7 (quoting

14   *Massaro v. United States,* 538 U.S. 500, 505 (2003); *Burt v. Titlow,* 571 U.S. 12, 17

15   (2013)). "A reasonable probability is a probability sufficient to undermine confidence in

16   the outcome." *Strickland,* 466 U.S. at 694.

17   A federal habeas court uses a "doubly deferential" standard of review – giving the

18   state court and the defense counsel the benefit of the doubt. *Pinholster,* 563 U.S. at

19   190. Under AEDPA, the federal court does not apply the *Strickland* standard de novo;

20   "[t]he pivotal question is whether the state court's application of the *Strickland* standard

21   was unreasonable." *Harrington,* 562 U.S. at 101.

22   The respondents ask this Court to follow *Dunn v. Reeves,* 141 S.Ct. 2405 (July 2,

23   2021) (Dkt. 25 at 24–25). This opinion of the U.S. Supreme Court did not exist in 2020

24

25

1    at the time the Washington Supreme Court reviewed the petitioners' case. This Court's

2    review under AEDPA must concentrate "on what a state court knew and did," and when

3    reviewing the Washington Supreme Court's decision the reasonableness of the state

4    court's assessment is  "measured against [the Supreme] Court's precedents as of 'the

5    time the state court renders its decision.'" *Pinholster*, 563 U.S. at 182 (quoting *Lockyer*,

6    538 U.S. at 71–72); *see also Greene v. Fisher*, 565 U.S. 34, 38 (2011).

7        The Washington Court of Appeals and the Washington Supreme Court

8    determined that petitioners did not present evidence "of what the other witnesses would

9    have said, what medical and mental health experts would have said, that the officer's

10   disciplinary history was of an impeaching nature, or that witnesses improperly

11   commented on the veracity or credibility of other witnesses." *Matter of Weller,* 9 Wn.

12   App. 2d 1050 at *2–*3; Dkt. 22-2, Washington Supreme Court Commissioner's Ruling

13   (issued May 11, 2020), at 6–7. On the record the state courts had before them at that

14   time, the Washington Supreme Court and Washington Court of Appeals summarily

15   denied relief and found the petitioner failed to show either constitutionally inadequate

16   performance, or prejudice, under the two-part *Strickland* test.

17       This Court should uphold the state courts' determination under the AEDPA

18   standard of review.[1]

19   _____

20       [1] If the respondents contend that the Court should review this issue under *Brecht v. Abrahamson*,
     507 U.S. 619, 637 (1993), this is incorrect. See Dkt. 44, at 16. Although there may be situations where
21   the Ninth Circuit Court of Appeals has applied *Brecht* to issues involving allegations of ineffective
     assistance of trial counsel, s*ee, Elmore v. Sinclair,* 799 F.3d 1238, 1247–1248 (9th Cir. 2015) (applying
22   *Brecht* analysis to an ineffective assistance of counsel issue); *but see, Musladin v. Lamarque,* 555 F.3d
     830, 834 (9th Cir. 2009) (applying the *Strickland* prejudice prong, instead of the *Brecht* analysis), the
     United States Supreme Court has interpreted the *Strickland* prejudice prong as a more stringent test that
23   must be applied in the context of ineffective assistance of counsel, and therefore this Court should utilize
     that standard. *See, Kyles v. Whitley,* 514 U.S. 419, 435–36 (1995) (holding that federal courts apply a
     higher standard of materiality, "later adopted as the test for prejudice in *Strickland*" and this standard

24

25

REPORT AND RECOMMENDATION - 15

1        At the time the petitioners brought their PRP in state court, they argued the Court

2  of Appeals and Washington Supreme Court should hold that petitioners' trial lawyers

3  were ineffective and based their arguments on the theory that several witnesses, who

4  were not called by defense counsel to testify on their behalf at trial[2], would have

5  provided exculpatory evidence. But the petitioners failed to present to the state courts

6  what the new witnesses would have said, if the trial attorneys would have presented

7  evidence from these witnesses. They failed to meet their burden of rebutting the strong

8  presumption that counsel's performance was objectively reasonable and within the

9  boundaries of reasonable professional assistance. *See, Burt v. Titlow,* 571 U.S. at 17

10  ("absence of evidence cannot overcome the 'strong presumption that counsel's conduct

11  [fell] within the wide range of reasonable professional assistance.'") (quoting *Strickland,*

12  466 U.S. at 689).

---

would "recognize reversible constitutional error only when the harm to the defendant was greater than the harm sufficient for reversal under [the harmless error standard of *Brecht*, and *Kotteakos, v. United States,* 328 U.S. 750, 776 (1946)].")." If the federal habeas corpus petitioner establishes prejudice under the *Strickland* standard, there is no reason to apply the harmless error standard of *Brecht. See, Kyles,* 514 U.S. at 436.

[2] Gerda Reinhardt's declaration dated July 25, 2016, offered in support of petitioners' PRP, does not include any assertions of what her testimony would have been if she had been called as a witness. Dkt. 26-4 at 206. A declaration signed by both Heinz and Gerda Reinhardt dated January 29, 2017, offered in support of petitioners' PRP, included a statement about one of the children, E.W., telling them "My Mom has a very special plan to get us back. This plan involves C [ ]." Dkt. 26-4 at 208. There is no indication about whether this alleged statement by E.W. about a plan, that the Reinhardts stated they overheard, was relevant to the case. The remaining assertions do not state whether the Reinhardts personally observed any of the events at issue during the trial. The declaration submitted with the federal habeas corpus petition, Dkt. 24-7, contains information from Gerda Reinhardt that was not presented to the Washington State courts. In the petitioners' brief, Dkt. 24 at 50-51, they cite to Exhibit 17 and seem to imply this is a declaration from Gerda or Heinz Reinhardt, but this exhibit actually contains a declaration from Jeffrey Weller.

1    This Court should hold that under AEDPA, petitioners have not shown the state

2    court decisions are "so lacking in justification . . . beyond any possibility for fairminded

3    disagreement.'" *Mays*, 141 S.Ct. at 1149 (*quoting Harrington*, 562 U.S. at 103).

4    The record that was before the state courts shows that the primary prosecution

5    witnesses — the children who were living in the home with Jeffrey and Sandra Weller —

6    testified consistently and with detail about the abuse that was inflicted on their own

7    bodies, and about what they overheard and observed regarding the other children in the

8    home being abused by Sandra and Jeffrey Weller. Dkt. 24-12, Trial Transcript, Clark

9    County Case No. 11-1-01679-0, at 984-1065, 1076-1175, 1283-1368, 1433-1465, 1501-

10   1543. The testimony of the children was consistent about what they observed with

11   respect to the unlawful imprisonment and beatings. E.g., Dkt. 24-12, Trial Transcript,

12   Clark County Case No. 11-1-01679-0, at 1076-1175 (C.W.'s testimony about the

13   petitioners' behavior during multiple beatings, and witnessing the petitioners' behavior

14   during the beatings and unlawful imprisonment of C.G.); 1283-1368 (C.G.'s testimony);

15   984-1065 (E.W.'s testimony); 1442-1463 (N.W.'s testimony about what was done to

16   him, and what he observed being done by Sandra and Jeffrey Weller to the other

17   children). Their testimony was corroborated by a forensic scientist, and also by a

18   physician who examined them. Dkt. 24-12 at 1203-1236 (Dr. Copeland), 1399-1425

19   (Heather Pyles).

20   The record shows the prosecution's case was strong and the petitioners cannot

21   establish there is a reasonable probability that, but for the allegedly unprofessional

22   errors of counsel, the factfinder would have had a reasonable doubt respecting guilt —

23   even if petitioners could establish that their attorneys' performance was unreasonable

24

25

under the *Strickland* standard. The prejudice prong, and performance prong, would be reviewed on the record that existed in the state courts, not the expanded record requested by the petitioners — *See, Burt v. Titlow,* 571 U.S. at 17 ("absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'") (quoting *Strickland,* 466 U.S. at 689).

### C. The Court Should Not Consider New Facts Asserted by the Petitioners For the First Time in Federal Court.

The decision to expand the record under Rule 7 of the Rules Governing § 2254, or to hold an evidentiary hearing, is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474.

Respondents argue the Court should strike the proposed new evidence under 28 U.S.C. § 2254(d), because the Court is prohibited by statute from considering it — none of the new evidence was presented to the Washington State Courts. Dkt. 25, Respondent's Answer, at 14-15, 23-32. This motion should be granted, and the Court should not consider any of the evidence that petitioners failed to present to the Washington State Courts.

Under 28 U.S.C. § 2254(d), this Court should review the reasonableness of the state court's decision on the record before the state court. *Pinholster,* 563 U.S. at 181–185. As discussed above, the Court should conclude the petitioners have not met the standard of 28 U.S.C. § 2254(d).

But even if the Court assumes, for purposes of argument, that petitioners could meet the standards in 28 U.S.C. § 2254(d), they must also satisfy 28 U.S.C. § 2254(e)(2) before new evidence may be considered.

Section 2254(e)(2) provides: "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that – (A) the claim relies on – (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

28 U.S.C. § 2254 (e)(2) precludes the federal court from considering facts — regardless whether the facts are presented in federal court by declaration or other exhibits to the federal habeas corpus petition, or in an evidentiary hearing — when the habeas corpus petitioner failed to develop the factual record in the state court proceedings. *Holland,* 542 U.S. at 653 .

Diligence depends on an assessment of "whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend . . . upon whether those efforts could have been successful." *Williams v. Taylor,* 529 U.S. 420, 435 (2000). Simply requesting an evidentiary hearing in state court is not sufficient to meet the requirement of diligence. *Cook v. Kernan,* 948 F.3d 952, 971 (9th Cir. 2020).

Petitioners argue that Section (e)(2)(ii) would apply here. Dkt. 27, at 30-33. They argue that they were diligent, because they were unrepresented by counsel and indigent, yet they took all the steps available to them. Dkt. 27 at 32. They requested the appointment of counsel, but were denied. They requested an evidentiary hearing in state court, but were denied. Under *Williams,* 529 U.S. at 435, diligence depends on whether the petitioners have made "a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court[.]" The Ninth Circuit has held that where the state court denied petitioner's request for an evidentiary hearing and denied the petitioner's request for funds to investigate, the petitioner was diligent even though all the available facts were not found and presented to the state courts. *Libberton v. Ryan,* 583 F.3d 1147, 1158, 1165 (9th Cir. 2009). It is unclear whether the petitioner in *Libberton* was represented by counsel during the state court post-conviction proceeding.

Respondent contends that under *Shinn v. Ramirez,* 142 S. Ct. 1718 (2022), and *Cooper-Smith v. Palmateer,* 397 F.3d 1236, 1241 (9th Cir. 2005), *overruled on other grounds, by Daire v. Lattimore,* 812 F.3d 766 (9th Cir. 2016), petitioners were not diligent and are "at fault"; therefore they may not raise any new facts that were not presented to the Washington Court of Appeals or the Washington Supreme Court. Dkt. 44 at 13; Dkt. 28 at 13.

The record shows the professional opinions and factual analysis of Dr. Katherine Teets Grimm, M.D. (Dkt. 24-4) were not presented in petitioners' ineffective assistance of counsel arguments submitted to the state courts in the personal restraint petition. Dkt. 24-11, Dkt. 27 (the petitioners requested [Dkt. 24-11 at 93], and the state courts

1  allowed, that all claims were incorporated into each other's petitions, and all appendices

2  would be incorporated into each other's appendices [Jeffrey Weller's petition is in the

3  Court's record at Dkt. 24-11, pp. 1-84], [Sandra Weller's petition is at Dkt. 24-11, pp.85-

4  144] [full appendices are included in Dkt 27]).

5          Under 28 U.S.C. § 2254 (e)(2), subsection (B), regarding facts that were not

6  presented in state court and for which petitioners have not shown diligence, the

7  petitioners would be required to show "the facts underlying the claim would be sufficient

8  to establish by clear and convincing evidence that but for constitutional error, no

9  reasonable factfinder would have found the applicant guilty of the underlying offense".

10  *Cooper-Smith,* 397 F.3d at 1241–1242. The petitioners did not specifically request funds

11  for retaining the services of a medical expert or child abuse expert, when they were

12  litigating their post-conviction PRP in state court; yet now they propose the federal court

13  should consider the Declaration of Dr. Katherine Grimm (Dkt. 24-4). See Dkt. 27,

14  Petitioners' Reply to Respondent's Answer, at 32-33. And, they simply asked the state

15  courts for an evidentiary hearing, alleging their attorneys should have called additional

16  witnesses, but did not provide any declarations with admissible evidence regarding what

17  any witnesses would have said, if they had been called to the witness stand. Therefore,

18  the petitioners do not meet the requirements for diligence under *Cook,* 948 F.3d at 971.

19          In determining whether relief is available under 28 U.S.C. § 2254(d), the Court's

20  review is limited to the record before the state court. *Pinholster*, 563 U.S. at 180. A

21  hearing is not required if the allegations would not entitle petitioner to relief under §

22  2254(d). *Schriro*, 550 U.S. at 474; *see also, Sully v. Ayers,* 725 F.3d 1057, 1075–1076

23  (9th Cir. 2013) ("an evidentiary hearing is pointless once the district court has determined

24

25

that § 2254(d) precludes relief"). "It follows that if the record refutes the applicant's factual

allegations or otherwise precludes habeas relief, a district court is not required to hold an

evidentiary hearing." *Schriro,* 550 U.S. at 474; *see Pinholster*, 563 U.S. at 186;

*Gulbrandson v. Ryan,* 738 F.3d 976, 993, n.6 (9th Cir. 2013) (in determining whether

relief is available under § 2254(d)(1) or (d)(2), the federal court's habeas corpus review is

limited to the record before the state courts).

The declarations of Patricia Stordeur and Heather Carroll were not presented to

the state courts. In addition to the proffered expert evidence from Dr. Grimm, this Court

should strike these new declarations. 28 U.S.C. 2254(d).

The Court should find that it is unnecessary to hold an evidentiary hearing in this

case because petitioner's claims may be resolved on the existing state court record.

II.    CERTIFICATE OF APPEALABILITY

If the Court adopts the undersigned's Report and Recommendation, it must

determine whether a Certificate of Appealability ("COA") should issue. Rule 11(a), Rules

Governing Section 2254 Cases in the United States District Courts ("The district court

must issue or deny a certificate of appealability when it enters a final order adverse to

the applicant."). A COA may be issued only where a petitioner has made "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)–(3).

A petitioner satisfies this standard "by demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists

could conclude the issues presented are adequate to deserve encouragement to

proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Pursuant to this

standard, because the U.S. Supreme Court's decision in *Shinn v. Ramirez,* 142 S. Ct.

1718 (2022) and the Ninth Circuit's opinion in *Ochoa v. Davis,* 50 F.4th 865, 888 (9th

Cir. 2022), are so recently decided, this Court concludes that petitioners are entitled to a

certificate of appealability with respect to the grounds raised in this petition.

      III.    CONCLUSION

      Based on the foregoing discussion, the undersigned recommends that the Court

strike the petitioners' proffered evidence that was not presented to the Washington

State Courts, and dismiss the petitions for writ of habeas corpus with prejudice, but that

a Certificate of Appealability be granted.

      The parties have **fourteen (14) days** from service of this Report and

Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of

those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. §

636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See*

*Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th

Cir. 2012) (citations omitted). Accommodating the above time limit, the Clerk shall set

this matter for consideration on **March 24, 2023** as noted in the caption.

      Dated this 7th day of March, 2023.

*Theresa L. Fricke*
_____
Theresa L. Fricke
United States Magistrate Judge