HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY WELLER,<br>Petitioner,<br>v.<br>RONALD HAYNES,<br>Respondent.<br><br>SANDRA WELLER,<br>Petitioner,<br>v.<br>DEBORAH WOFFORD,<br>Respondent. | CASE NO. 3:20-cv-05861-RAJ<br><br>(Consolidated with<br>Case No. 3:20-cv-05862-RAJ)<br><br>ORDER |

## I. INTRODUCTION

THIS MATTER comes before the Court on the parties' motions in limine, Dkt. Nos. 91, 92, and Petitioners' Motion to Amend Filings, Dkt. No. 96. The Court has reviewed the motions, the submissions in support of and in opposition to the motions, and the balance of the record. For the reasons set forth below, the Court **GRANTS** Petitioners' Motion to Amend Filings, and the Court also **GRANTS IN PART** and **DENIES IN PART** the parties' motions in limine.

## II. LEGAL STANDARD

Parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). To decide on motions in limine, the Court is generally guided by Federal Rules of Evidence 401 and 403. Specifically, the Court considers whether the evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Court notes that the findings and conclusions in this order, like all rulings in limine, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. *See, e.g.*, *Luce v. United States*, 469 U.S. 38, 41 (1984) (explaining that a ruling in limine "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling"). Subject to these principles, the Court issues these rulings for the guidance of the parties.

## III. DISCUSSION

### A. MUTUALLY AGREED UPON MOTIONS IN LIMINE

The parties agree to, and the Court accepts, certain motions in limine ("MIL"). Dkt. No. 92 at 1–2.

#### 1. MIL #1: Exclusion of Witnesses under Fed. R. Evid. 615(a)

The parties jointly request that all testifying witnesses be excluded from the courtroom until their testimony is completed, pursuant to Fed. R. Evid. 615(a). *Id.* at 1. Respondents also do not object to Petitioners' investigator, Charles Formosa, sitting at

counsel table during the hearing. *Id.*; Dkt. No. 97 at 1.

Given the parties' agreement, the Court **GRANTS** the motion.

**2. MIL #2: Physical Accommodation for Jeffrey Weller**

Mr. Weller requests permission to stand or move as necessary during the hearing because of longstanding back pain and a recent leg surgery. Dkt. No. 92 at 1–2. Respondents do not object. Dkt. No. 97 at 2.

The Court **GRANTS** the motion. Mr. Weller may stand or move as necessary during the hearing, provided that he remains near his counsel's table and abides by the directions of the United States Marshals Service.

**3. MIL #3: Remote Witness Testimony**

Petitioners seek leave for three out-of-state witnesses to testify remotely: (1) Dr. Katherine Grimm, who resides in New York; (2) Meredith McKell Graff, who resides in Texas; and (3) Caitlin O'Dell, who resides in Oregon. Dkt. No. 92 at 2. Respondents do not object. Dkt. No. 97 at 2. Under Fed. R. Civ. P. 43(a), "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

The Court **GRANTS** the motion, subject to the following safeguards: (1) Each remote witness must testify via videoconference from an isolated, quiet location, free from interference by other persons or pets; (2) Each remote witness must have a strong, stable internet connection; (3) Counsel must provide each remote witness, in advance of the hearing, with copies of any documents or exhibits that will be used during the witness's testimony; and (4) Counsel shall coordinate with the Courtroom Deputy in advance of the hearing to arrange each witness's remote appearance.

**B. PETITIONERS' MOTIONS IN LIMINE**

Additional issues raised by Petitioners are resolved as discussed below.

**1. MIL #4: Treating David Kurtz as a Hostile Witness**

Mr. Weller intends to call David Kurtz, his trial counsel, and seeks leave to ask him

leading questions as a hostile witness under Fed. R. Evid. 611(c)(2). Dkt. No. 92 at 2–3. Mr. Weller points to Mr. Kurtz's reluctance to speak with Mr. Weller's current counsel before the hearing, including his statements that he was "really not interested in discussing an 8 year old case" and "would only speak about the case if he was paid his hourly rate." *Id.* Respondents state the parties have since agreed that Petitioners may use leading questions if they call Mr. Kurtz, and that Respondents may likewise use leading questions on cross-examination. Dkt. No. 97 at 2.

Given the parties' agreement, the Court **GRANTS** the motion. Petitioners may use leading questions in examining Mr. Kurtz, and Respondents may use leading questions on cross-examination. *See* Fed. R. Evid. 611(c).

The parties have also agreed that Mr. Kurtz may testify remotely. Dkt. No. 97 at 2. Although Petitioners did not move for this relief, the Court **GRANTS** Mr. Kurtz leave to testify remotely, subject to the same safeguards set forth above for MIL #3. *See supra* Section III.A.3.

**2. MIL #5: Gerda Reinhardt's Prior Statements**

Petitioners asked the Court to find Ms. Weller's mother, Gerda Reinhardt, unavailable under Fed. R. Evid. 804(a)(4) and to admit her prior sworn declarations under Fed. R. Evid. 807. Dkt. No. 92 at 3–4. Petitioners have since filed a Motion to Amend Filings, asking to withdraw this motion and to strike related Exhibits 1 and 2 from their motions in limine. Dkt. No. 96. Petitioners advised Respondents of the withdrawal. Dkt. No. 97 at 2.

The Court **GRANTS** Petitioners' Motion to Amend Filings, Dkt. No. 96. Accordingly, Petitioners' arguments regarding Ms. Reinhardt's unavailability and the admissibility of her prior statements are **WITHDRAWN** and Exhibits 1 and 2 to Petitioners' motions in limine, Dkt. Nos. 92-1, 92-2, are **STRICKEN**.

In addition, Respondents note that they have "not waive[d] the right to lodge objections to Ms. Reinhardt's sworn statements under Rule 807 and other grounds." *See*

Dkt. No. 97 at 2. To the extent Respondents intend to raise such objections, the Court **DIRECTS** Respondents to identify their specific objections for the Court by 12:00 P.M. on Friday, October 16.

### 3. MIL #6: Questioning Judge Clark Regarding *In re Parks*

Petitioners seek leave to question the Honorable Suzan Clark about *In re Personal Restraint of Parks*, No. 45348-7-II, 199 Wash. App. 1016, 2017 WL 2445440 (Wash. Ct. App. June 6, 2017) (unpublished). Dkt. No. 92 at 4–9. Judge Clark was Ms. Weller's trial counsel and is now a Clark County Superior Court judge.

In *Parks*, the Washington Court of Appeals held that Judge Clark, then a defense attorney, provided ineffective assistance by failing to interview exculpatory witnesses. *Id.* Petitioners argue that the decision is admissible under Fed. R. Evid. 404(b), 406, and 608(b). *Id.* Respondents argue that counsel's performance in an unrelated case has "zero probative value" under *Strickland*, and that the evidence is not admissible under any of the rules Petitioners invoke. Dkt. No. 97 at 2–8.

The Court agrees with Respondents as to Rules 404(b) and 406. Petitioners offer *Parks* to show that "a failure to interview witnesses with exculpatory information was a pattern in Ms. Clark's representations." Dkt. No. 92 at 7. That is the propensity inference Rule 404(b)(1) prohibits. *See Bonin v. Calderon*, 59 F.3d 815, 829 (9th Cir. 1995) (explaining that "prior acts of misconduct on the part of defense counsel are inadmissible to support a claim that counsel must have acted similarly in a particular case"). Nor does a single prior instance establish a habit or routine practice under Rule 406. *See* Fed. R. Evid. 406 advisory committee's note (describing a habit as a "person's regular practice of meeting a particular kind of situation with a specific type of conduct").

Rule 608(b), however, permits the Court, on cross-examination, to allow inquiry into specific instances of a witness's conduct that are "probative of the character for truthfulness or untruthfulness" of the witness. Fed. R. Evid. 608(b). In *Parks*, the Washington Court of Appeals found that the record contradicted Judge Clark's testimony

that she had attempted to contact and interview the witnesses provided by the defendant, and that her testimony and the record "cast a shadow upon [her] claim" that she had a strong memory of the case. *See* Dkt. No. 92-3 ¶¶ 23–25; *In re Parks*, 2017 WL 2445440, at *8. Thus, Petitioners may question Judge Clark about *Parks* for impeachment purposes if she, for example, testifies that "her failure to contact or call defense witnesses with potentially exculpatory information w[as] part of a defense strategy" or that "her standard practice was to interview all available defense witnesses." *See* Dkt. No. 92 at 9; *Bonin*, 59 F.3d at 829 (approving questioning of trial counsel about prior acts of untruthfulness to attack the credibility of his testimony "concerning his reasons for conducting the trials as he did"). However, consistent with Rule 608(b), extrinsic evidence of the *Parks* decision is not admissible for this purpose. *See Bonin*, 59 F.3d at 829.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

### C. RESPONDENTS' MOTIONS IN LIMINE[1]

Respondents' motions address the anticipated testimony of Meredith McKell Graff, Nick Potter, Tyler Chavers, and Caitlin O'Dell. Dkt. No. 91 at 3–5. Respondents state that they "do not intend to move at this time to exclude these witnesses from the proceedings," and that they discuss these witnesses to "give notice of the intent to assert the … preliminary objections to the[ir] anticipated testimony at the hearing." *Id.* at 2–3. Because Respondents do not seek exclusion, the Court does not address these motions. The Court notes Respondents' objections, which they may raise at the evidentiary hearing.

//

//

//

//

//

[1] Respondents cite the Washington Rules of Evidence throughout their motions and response. *See* Dkt. No. 91 at 3–6; Dkt. No. 97 at 6–7. The Federal Rules of Evidence govern the admission of evidence during the evidentiary hearing. Fed. R. Evid. 101(a), 1101(a)–(b).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioners' Motion to Amend Filings, Dkt. No. 96, and the Court also **GRANTS IN PART** and **DENIES IN PART** the parties' motions, Dkt. Nos. 91, 92.

In addition, if Respondents intend to raise objections to Ms. Reinhardt's sworn statements "under Rule 807 and other grounds," *see* Dkt. No. 97 at 2, the Court **DIRECTS** Respondents to identify their specific objections for the Court by 12:00 P.M. on Friday, October 16.

Dated this 13th day of October, 2026.

Richard A. Jones

The Honorable Richard A. Jones
United States District Judge